

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00181-CR

FREDRICK DEJUAN EARL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F15113-CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On October 29, 2020, Frederick Dejuan Earl, pursuant to a plea agreement, pled guilty to the third-degree offense of evading arrest or detention with a vehicle.[1] Earl was placed on deferred adjudication community supervision for a period of four years.[2] In July 2023, the State moved to adjudicate Earl and revoke his community supervision. At the hearing on the State's motion, Earl pled true to several allegations, including that he had been convicted of possession of a controlled substance. The trial court found five of the allegations true and granted the State's motion. Earl was sentenced to ten years' incarceration.

Earl's appellate counsel filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter of November 8, 2023, counsel provided Earl with copies of the motion to withdraw, the appellate brief, and the reporter's and clerk's records and informed Earl of his

---

[1]*See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

[2]The State filed an initial motion to adjudicate in July 2022. From the record before us it does not appear any action was taken on that motion.

right to file a pro se response. On November 9, 2023, this Court informed Earl that any pro se response he wished to file was due December 11, 2023. On January 5, 2024, this Court notified Earl that the case would be submitted to the Court on January 26, 2024. Also, on January 22, 2024, this Court received a letter from Earl that we have treated as his pro se response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[3]


Charles van Cleef
Justice

Date Submitted:    January 26, 2024
Date Decided:     February 15, 2024

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.